New England Beverage, Inc.
vs.
Frankfort Distilleries, Incorporated.

No. 92974.

July 5, 1934.

SUMNER, J. In this case, Messrs. Greenough, Lyman & Cross, attorneys, enter a special appearance and move to dismiss the writ therein for lack of jurisdiction, the defendant being a foreign corporation.

The writ purported to have been served upon one "M. R. Palin, district manager for said defendant, a foreign corporation". An affidavit is presented from said M. R. Palin which says that the defendant named in the writ is not doing business within the State and has no resident attorney for service of process; that he is not a salaried employee but merely solicits orders in Rhode Island and part of Massachusetts; that these orders are forwarded to the home office for acceptance; that he is paid on a commission basis for such orders as are actually accepted by the home office; that the bookkeeping on such orders is done at the home office in Louisville, Kentucky, and invoices are sent from there; that the defendant corporation has never had any bank account in Rhode Island; that checks received are forwarded with the orders to the home office for acceptance or rejection; that he personally hires desk room in Providence; that any goods shipped to concerns in Rhode Island from whom he obtains orders are shipped by the defendant corporation from a point outside of Rhode Island.

A circular of the defendant was offered in evidence by the plaintiff in which the name "M. R. Palin, Frankfort Distilleries, Incorporated, 937 Hospital Trust Building" appears.

General Laws, Sec. 5164 provides that a writ of summons on a foreign corporation doing business in the state shall be served by leaving a copy of said writ with any clerk or agent in this state of such corporation.

C. J. Sec. 4079 says: The question whether a foreign corporation is doing business in the state in such a sense as to make it amenable to the jurisdiction of the Courts thereof is not one of local law or of statutory construction; it is one of jurisdiction, of general law, of private international law, and in the last analysis is one of due process of law under the constitution of the United States.

C. J. Sec. 4080 says: It is stated generally that to render a foreign corporation subject to the jurisdiction of the state, the business done by the company in the state must be of such a character and extent as to warrant the inference that the company has subjected itself to the jurisdiction and laws of the state. There is no precise test of the nature or extent of business that must be done. All that is requisite is that enough be done to enable the Court to say that the corporation is present in the state.

C. J. Sec. 4094 says: the mere soliciting of business by agents of a foreign corporation is not such a doing of business as to subject the foreign corporation to the jurisdiction of the

Courts of the state in which the business is solicited.

See also:

> Badische Lederwekke vs. Vapitelli, 92 Misc. N. Y. 260;
>
> Fowble vs. Chesapeake & Ohio Ry., 16 Fed. (2d) 504;
>
> Elevator Supplies Co. vs. Wagner Mfg. Co., 54 Fed. (2d) 937;

The cases cited by plaintiff are not in point as they relate to the requirement of a license in order to do business in a state.

Motion to dismiss is granted.

For plaintiff: G. William Grande, Arabian, Gonnella & Barad.

For defendant: Greenough, Lyman & Cross.